IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GENE R. ROMERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1266-CV-W-HFS |
| ) | |
| PINNACLE EQUITIES, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the court are the motions of defendants Debra McDaniel (doc. 29), and the Metropolitan Condominium Association ("the Association") (doc. 35), to dismiss the complaint. Also, before the court is the motion of ("the other defendants") Pinnacle Equities, LLC; Time Equities, Inc.; Prudential Signature Property Management LLC; Francis Greenburger; Edward Alan Waterman; Moss Harvey; Barry Gamby; Philip Gesue; and Robert Kantor (doc. 45) to dismiss the complaint, or, alternatively, for a more definite statement. Defendant McDaniel has also filed a motion to strike plaintiff's intimidating letter (doc. 49). Finally, pro se plaintiff has filed a motion for a temporary injunction and hearing. (doc. 64).

In his complaint plaintiff essentially claims that he was evicted in retaliation for filing a housing health complaint. He also claims that defendants violated various health and environmental codes while renovations took place. Plaintiff alleges claims for retaliatory eviction; breach of warranty of habitability; breach of fiduciary duty; and fraud and misrepresentation.

Defendant McDaniel seeks dismissal of the complaint due to lack of subject matter jurisdiction, and for failure to comply with Fed.R.Civ.P. 8(a),8(e), and 10(b)[1]. According to McDaniel, subject matter jurisdiction is lacking due to unrelated state law claims asserted against her regarding statements she made in defense against plaintiff's complaint to the Missouri Real Estate Commission.

Plaintiff's claims against McDaniel appear to stem from her statements to the Missouri Real Estate Commission in which she states that plaintiff appeared somewhat difficult, threatening, and litigious, and that a restraining order was considered. Plaintiff also takes issue with McDaniel directing his questions regarding the disposition of his apartment to the project manager, defendant Waterman. Any state law claims purportedly filed against McDaniel are not before this court, and any such claims are not related to the claims plaintiff raises here. Where as here, no coherent claim is presented that would define a controversy, subject matter jurisdiction is lacking. Fed.R.Civ.P. 12(h)(3) provides that whenever it appears that the court lacks jurisdiction of the subject matter, the court shall dismiss the action[2].

Defendant Association seeks dismissal of the complaint due to: (1) insufficiency of process pursuant to Fed.R.Civ.P. 12(b)(5); (2) failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); and (3) failure to comply with Fed.R.Civ.P. 8(a), 8(e), and 10(b). For the reasons previously set forth

---

[1] By an order dated February 1, 2006, the motion of defendant Pro Circuit seeking dismissal on this ground was denied because pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Consequently, the motion for dismissal, sought on this ground, will likewise be denied.

[2] This renders McDaniel's motion to strike moot; however, inasmuch as plaintiff agrees the letter was inappropriately filed, it will be stricken.

in the February 1st order, the motion will be denied as to the latter ground. However, as to sufficiency of process, the Association states that service was insufficient, for plaintiff served Justin Payne, an employee of Snelling Temp Agency who is not authorized to accept service on behalf of the Association.

The court has a duty to liberally construe the pleadings of a pro se litigant, thus, plaintiff enjoys a presumption that all factual allegations in his complaint are true. Wright v. City of Las Vegas, Nevada, 395 F.Supp.2d 789, 793 (S.D.Iowa 2005). Nevertheless, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. Wright, at 793. Here, the complaint does not set forth plaintiff's allegations as against the Association. In fact, with the exception of asserting that the Association is a not-for-profit corporation, plaintiff fails to allege a claim against it.

" '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.' " Wright, at 794; citing, Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). When ineffective service has occurred, a court "has discretion to either dismiss the action, or quash service but retain the case." Wright, at 794; citing, Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998). However, in light of the fact that plaintiff has failed to state a claim against the Association, dismissal is proper. Wright, 794.

The other defendants seek dismissal of the complaint due to lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2); and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, the other defendants seek a more definite statement pursuant to Fed.R.Civ.P. 12(e).

3

The other defendants contend that the complaint fails to allege how personal jurisdiction is achieved. Plaintiff states that he is a resident of Mission, Kansas. (Complaint: pg. 6). With the exception of Barry Gamby, who is listed as a resident of Kansas (Complaint: pg. 7), diversity of citizenship is achieved with the other defendants. Thus, Gamby will be dismissed from this action pursuant to Fed.R.Civ.P. 12(b)(2). It is also noted that similarly to the Association, plaintiff fails to allege a claim against defendants Francis Greenburger, Moss Harvey, and Robert Kantor. As such, these defendants will be dismissed from the action pursuant to Fed.R.Civ.P. 12(b)(6).

As against defendants Pinnacle, Time, and Prudential, plaintiff alleges negligence regarding various environmental hazards (Complaint: pg. 3-4, 9), and as against defendants Waterman and Gesue, plaintiff alleges retaliatory eviction and defamation (Complaint: pg. 3, 13, 15-16). Without deciding the merits, if any, of this action, in view of aforementioned, plaintiff will be given an opportunity to file an amended complaint. Plaintiff is cautioned, however, to direct his allegations to the remaining defendants, with specificity so that the defendants can formulate an appropriate response[3].

Plaintiff seeks to enjoin the law firm of Waldeck, Mateuzzi & Sloan, P.C. from representing an alleged third party defendant, Western Heritage Insurance Company. In support of his motion, plaintiff attaches a letter dated February 9, 2006, in which counsel for the other defendants advised plaintiff that he had been <u>retained</u> by Western to defend the other defendants. Thus, the motion will be denied.

---

[3]Upon the filing of dispositive motions, dismissal may be further considered.

Accordingly, it is hereby

ORDERED that the motion of Debra McDaniel to dismiss the complaint (ECF doc. 29) is GRANTED. It is further

ORDERED that the motion of the Metropolitan Condominium Association to dismiss the complaint (ECF doc. 35) is GRANTED. It is further

ORDERED that the motion of Pinnacle Equities, LLC; Time Equities, Inc.; Prudential Signature Property Management LLC; Francis Greenberger; Edward Alan Waterman; Moss Harvey; Barry Gamby; Phillip Gesue; and Robert Kantor to dismiss the complaint, or, alternatively, for more definite statement (ECF doc. 45) is GRANTED in part, and DENIED in part. The complaint is dismissed as to Francis Greenberger, Moss Harvey, Barry Gamby, and Robert Kantor. Plaintiff will be granted leave to file an amended complaint against the remaining defendants, consistent with this opinion, on or before March 10, 2006. It is further

ORDERED that the motion of Debra McDaniel to strike plaintiff's letter (ECF doc. 49) is GRANTED. The clerk of the court is directed to strike document 38. It is further

ORDERED that plaintiff's motion for a temporary injunction (ECF doc. 64) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

February 24, 2006

Kansas City, Missouri